JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

> 450 Golden Gate Avenue, 9th Floor
> San Francisco, California 94102-3495
> Telephone:    (415) 436-7264
> Facsimile:    (415) 436-6748
> Email:        abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JUDY A. McDERMOTT, | ) | No. C 07-6300 SI |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **COMPLAINT** |
| JOHN E. POTTER, POSTMASTER | ) | |
| GENERAL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

        Defendant John E. Potter, Postmaster General of the United States Postal Service

("Defendant"), through undersigned counsel, answers the Complaint filed by Plaintiff Judy

McDermott on or about December 13, 2007.  With respect to the numbered paragraphs in the

Complaint, defendant responds as follows:

## PARTIES

1.      The allegation contained in the first sentence of Paragraph 1 of the Complaint is admitted.

Defendant admits that plaintiff was employed by the Postal Service as a Postal Inspector at times

relevant to this lawsuit.  The remaining allegations in Paragraph 1 are denied.

2.      Defendant admits that Plaintiff reported to the San Francisco division of the Postal

Inspection Service, which is located at 390 Main Street, 3rd Floor, San Francisco, CA.  The

remaining allegations in Paragraph 2 are denied.

3.    Admitted.

## JURISDICTION AND VENUE

4.    Paragraph 4 is a legal conclusion regarding the basis for jurisdiction in this Court to which no response is necessary. To the extent that a response is deemed necessary, defendant denies that this court has jurisdiction over some or all of plaintiff's claims.

5.    Paragraph 5 is a legal conclusion regarding the basis for venue in this Court to which no response is necessary. To the extent that a response is deemed necessary, defendant does not dispute that if this court has jurisdiction over some or all of plaintiff's claims, venue in this district is proper.

6.    Paragraph 6 is a legal conclusion regarding the basis for assignment in the Oakland Division to which no response is necessary.

7.    Defendant admits plaintiff requested counseling on April 17, 2006 and submitted forms in support of the request for counseling on April 28, 2006. Defendant denies that the request for counseling related to all the claims raised in the complaint and denies each and every additional allegation in paragraph 7.

8.    Defendant admits plaintiff filed a formal complaint of discrimination on August 16, 2006. Defendant denies that the request relates to all the claims in the complaint and denies each and every additional allegation made in paragraph 8.

9.    Defendant admits plaintiff had filed various EEO complaints. Defendant denies each and every other allegation in paragraph 9.

10.    Defendant admits that a final agency decision was issued September 5, 2006. Defendant denies each and every remaining allegation in paragraph 10.

11.    Defendant admits that plaintiff appealed the final agency decision issued September 5, 2006. Defendant denies each and every remaining allegation in paragraph 11.

12.    Defendant admits that the Office of Federal Operations affirmed the final agency decision on June 28, 2007. Defendant denies each and every remaining allegation in paragraph 12.

13.    Defendant admits plaintiff filed a Motion for Reconsideration of the decision of the Office of Federal Operations. Defendant denies each and every remaining allegation in

paragraph 13.

14.    Defendant admits the Office of Federal Operations denied plaintiff's motion for reconsideration on September 10, 2007.  Defendant denies each and every remaining allegation in paragraph 14.

15.    Paragraph 15 is a conclusion of law to which no response is necessary.  To the extent that a response is deemed necessary, defendant denies that the complaint contains only claims that have been timely and completely administratively exhausted.

## STATEMENT OF THE FACTS

16.    Defendant admits plaintiff became a postal inspector in 1986.  Defendant denies each and every remaining allegation in paragraph 16.

17.    Defendant admits plaintiff worked as a postal inspector in Cincinnati, Ohio.  Defendant denies each and every remaining allegation in paragraph 17.

18.    Defendant admits plaintiff received awards while she worked in the Cincinnati Division. Defendant denies each and every remaining allegation in paragraph 18.

19.    Defendant admits that plaintiff transferred to California and ultimately was assigned to the San Francisco Division of the Postal Inspectors.  Defendant denies each and every remaining allegation in paragraph 19.

20.    Defendant admits that the San Francisco Division is managed by an Inspector in charge and two Assistant Inspectors in Charge.  Defendant denies each and every remaining allegation in paragraph 20.

21.    Admitted.

22.    Defendant admits that plaintiff was assigned for a time to the unabomb task force. Defendant denies each and every remaining allegation in paragraph 22.

23.    Defendant admits that plaintiff was assigned for a time to the Internal Crimes Team nd reported to team leader Mark Aasumdstad.  Defendant denies each and every remaining allegation in paragraph 23.

24.    Defendant admits that plaintiff received some awards and received a review of "far exceeds expectations" while working in the San Francisco Division.  Defendant denies each and

1   every remaining allegation in paragraph 24.

2   25.    Denied.

3   26.    Denied.

4   27.    Denied.

5   28.    Denied.

6   29.    Denied.

7   30.    Denied.

8   31.    Denied.

9   32.    Denied.

10   33.    Defendant admits plaintiff received medical attention for various conditions while

11   employed with the San Francisco.  Defendant denies each and every remaining allegation in

12   paragraph 33.

13   34.    Defendant admits plaintiff discussed some experiences with Davis.  Defendant denies

14   each and every remaining allegation in paragraph 34.

15   35.    Denied.

16   36.    Denied.

17   37.    Defendant admits plaintiff filed administrative complaints when employed with the San

18   Francisco Division.  Defendant denies each and every remaining allegation in paragraph 37.

19   38.    Defendant admits after Davis retired Alan Kiel became the new Inspector in Charge of

20   the San Francisco Division.  Defendant denies each and every remaining allegation in

21   paragraph 38.

22   39.    Defendant admits plaintiff filed administrative complaints when employed with the San

23   Francisco Division.  Defendant denies each and every remaining allegation in paragraph 39. \

24   40.    Denied.

25   41.    Denied.

26   42.    Denied.

27   43.    Denied.

28   44.    Denied.

1  45.    Denied.

2  46.    Denied.

3  47.    Denied.

4  48.    Denied.

5  49.    Denied.

6  50.    Denied.

7  51.    Denied.

8  52.    Denied.

9  53.    Denied.

10  54.    Defendant admits that Katz became the Inspector in Charge at the San Francisco

11  Division.  Defendant denies the remaining allegations in paragraph 54.

12  55.    Denied.

13  56.    Denied.

14  57.    Denied.

15  58.    Denied.

16  59.    Denied.

17  60.    Denied.

18  61.    Denied.

19  62.    Denied.

20  63.    Denied.

21  64.    Denied.

22  65.    Denied.

23  66.    Denied.

24  67.    Denied.

25  68.    Denied.

26  69.    Admitted.

27  70.    Denied.

28  71.    Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

**CAUSE OF ACTION**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
**ACT OF 1964, AS AMENDED; 42 U.S.C. 2000e ET SEQ.**

83. Defendant incorporates each of the responses to the previous paragraphs as though fully set out herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    This paragraph is a legal conclusion to which no response is required.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the contents of documents that are the best evidence of their content.  Specifically, defendant denies that plaintiff's characterization is either a completely accurate or adequate depiction of the document referred to in the paragraph.

114.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the contents of documents that are the best evidence of their content.  Specifically, defendant denies that plaintiff's characterization is either a completely accurate or adequate depiction of the document referred to in the paragraph.

115.    Denied.

116.    Denied.

117.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the contents of documents that are the best evidence of their content.  Specifically, defendant denies

1  that plaintiff's characterization is either a completely accurate or adequate depiction of the

2  document referred to in the paragraph.

3  118.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

4  contents of documents that are the best evidence of their content.  Specifically, defendant denies

5  that plaintiff's characterization is either a completely accurate or adequate depiction of the

6  document referred to in the paragraph.

7  119.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

8  contents of documents that are the best evidence of their content.  Specifically, defendant denies

9  that plaintiff's characterization is either a completely accurate or adequate depiction of the

10  document referred to in the paragraph.

11  120.    Denied.

12  121.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

13  contents of documents that are the best evidence of their content.  Specifically, defendant denies

14  that plaintiff's characterization is either a completely accurate or adequate depiction of the

15  document referred to in the paragraph.

16  122.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

17  contents of documents that are the best evidence of their content.  Specifically, defendant denies

18  that plaintiff's characterization is either a completely accurate or adequate depiction of the

19  document referred to in the paragraph.

20  123.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

21  contents of documents that are the best evidence of their content.  Specifically, defendant denies

22  that plaintiff's characterization is either a completely accurate or adequate depiction of the

23  document referred to in the paragraph.

24  124.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

25  contents of documents that are the best evidence of their content.  Specifically, defendant denies

26  that plaintiff's characterization is either a completely accurate or adequate depiction of the

27  document referred to in the paragraph.

28  125.    Denied.

1    126.    Denied.

2    127.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

3    contents of documents that are the best evidence of their content.  Specifically, defendant denies

4    that plaintiff's characterization is either a completely accurate or adequate depiction of the

5    document referred to in the paragraph.

6    128.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

7    contents of documents that are the best evidence of their content.  Specifically, defendant denies

8    that plaintiff's characterization is either a completely accurate or adequate depiction of the

9    document referred to in the paragraph.

10    129.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

11    contents of documents that are the best evidence of their content.  Specifically, defendant denies

12    that plaintiff's characterization is either a completely accurate or adequate depiction of the

13    document referred to in the paragraph.

14    130.    Defendant denies this paragraph to the extent that plaintiff attempts to characterize the

15    contents of documents that are the best evidence of their content.  Specifically, defendant denies

16    that plaintiff's characterization is either a completely accurate or adequate depiction of the

17    document referred to in the paragraph.

18    131.    Denied.

19    132.    Denied.

20    133.    Paragraph 133 is a characterization of this lawsuit to which no response is required.  To

21    the extent that a response is deemed necessary, defendant denies that plaintiff is entitled to any

22    relief whatsoever.

23    134.    Denied.

24    135.    Denied.

25    136.    Defendant admits that plaintiff has named various employees as alleged discrimination

26    officials in numerous filings.  Defendant denies the remaining allegations in this paragraph.

27    137.    Denied.

28    138.    Denied.

139.    Denied.

140.    Denied.

141.    The remainder of the complaint is a prayer for relief to which no response is required.  To the extent that a response is deemed necessary, defendant denies that plaintiff is entitled to any relief whatsoever.

### First Affirmative Defense

142.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

143.    The Court lacks subject matter jurisdiction over certain claims, including those Plaintiff raises for which he did not exhaust his administrative remedies.

### Third Affirmative Defense

144.    While not admitting any liability, Defendant alleges that Plaintiff has failed to mitigate her damages, and has waived claims raised in her complaint, or is estopped from raising them.

### Fourth Affirmative Defense

145.    Plaintiff has failed to establish a prima facie case of race and/or reprisal/retaliation discrimination.

### Fifth Affirmative Defense

146.    Defendant, at all times, acted based upon legitimate, non-discriminatory business reasons for each action taken with respect to Plaintiff.

### Sixth Affirmative Defense

147.    The acts about plaintiff complains, or some of them, are not sufficiently severe as to entitle plaintiff to relief.

### Seventh Affirmative Defense

148.    While not conceding any discriminatory or retaliatory motive played part in the challenged actions, Defendant asserts that the same actions would have been taken absent any alleged discriminatory or retaliatory motive.

**Eighth Affirmative Defense**

149.    Defendant is not liable for any discrimination or retaliation if it has occurred because (1) he was not actually or legally aware that such discrimination or retaliation occurred or (2) plaintiff did not meet her obligations of informing defendant of such discrimination or retaliation or (3) both.

**Ninth Affirmative Defense**

150.    Plaintiff's claims are barred as to damages; such damages, if any, are the result of her own actions and not any acts and/or omissions of the Defendant.

**WHEREFORE,** Defendants pray:

(a)    For judgment dismissing Plaintiff's complaint herein and awarding to the Defendants their costs and disbursements in this action; and

(b)    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JOSEPH P. RUSSIELLO
United States Attorney

Dated: February 11, 2008                                    /s/
ABRAHAM A. SIMMONS
Assistant United States Attorney

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**Defendant's Answer**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

<u>X</u>    FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____    CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____    PERSONAL SERVICE (BY MESSENGER)

_____    FEDERAL EXPRESS via Priority Overnight

_____    EMAIL

_____    FACSIMILE (FAX)

to the party(ies) addressed as follows:

Judy A. McDermott, Pro Se
366 Hibiscus Lane
Suisun City, CA 94585-3813
PH: 707.428.6513      FX:
Email:


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this February 11, 2008 at San Francisco, California.

_____/s/_____
LILY HO-VUONG
Legal Assistant

Defendant's Answer
C 07-66300 SI                                    12