JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:  (415) 436-7264
    Facsimile:  (415) 436-6748
    Email:  abraham.simmons@usdoj.gov

Attorneys for Federal Defendant



*Submitting counsel are directed to serve this order upon all other non-efiling parties in this action.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDY A. McDERMOTT,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL,<br><br>    Defendant. | No. C 07-6300 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT; STIPULATED REQUEST FOR 90-DAY STAY OF PROCEEDINGS** |

      Pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure and the Order Setting Initial Case Management Conference, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to stay proceedings for 90 days or until such time as the claims in plaintiff's soon-to-be-filed related cases are presented to the District Court.

      **A.    DESCRIPTION OF THE CASE**

      **1.    A brief description of the events underlying the action**:

      Plaintiff Judy McDermott brings this action pursuant to Title VII of the Civil Rights Act of 1964 alleging sexual harassment, a hostile work environment and retaliation in violation of applicable Civil Rights statutes. Plaintiff is an employee of the United States Postal Service Inspection Service in San Francisco. She contends that she and several other women within the

Service have been mistreated on the basis of their gender. Plaintiff further asserts she has been retaliated against on the basis of her participation and decisions with regard to protected EEO activity.

The claims in this particular case relate to Plaintiff's appeal from a September 10, 2007 administrative order dealing with three issues. Specifically, plaintiff timely appeals from an administrative order denying her claims that (1) she was improperly accused of engaging in improper conduct, she was improperly disciplined for engaging in improper conduct and (3) she was referred to by her then-supervisor, William Atkins, as a "F*ching B*tch."

Among Plaintiff's arguments in this case is that the September 10, 2007 order more properly should have treated the three claims addressed therein as substantively related to multiple other administrative claims that are not currently before the Court. In sum, plaintiff maintains that this case raises issues that are intertwined with approximately twenty other administrative complaints– some of which have resulted in decisions favorable to plaintiff and some of which have been dismissed. Defendant does not concede that all plaintiff's claims are reasonably related.

Significantly, one of plaintiff's other administrative complaints resulted in an order dated November 30, 2006, by an administrative judge with the EEOC. In the November 30, 2006 order, the AJ concluded plaintiff presented valid claims of discrimination and harassment. The AJ has not yet issued a decision regarding remedies but has forecast his intent to issue significant relief. The parties agree that the damages order that has yet to be filed by the AJ reasonably may have an affect on this case. At a minimum, the parties agree that the AJ's damages order may influence an assessment of whether and how this case may be resolved without further litigation.

In addition, the EEOC recently has denied claims arising from another three of Plaintiff's administrative complaints. Plaintiff intends to file a separate district court complaint which will, in all likelihood, will be related to the pending complaint. Plaintiff has 90 days from the receipt of the administrative decision within which to file such a complaint.

2. **The principal factual issues which the parties dispute:**
   a. Whether Plaintiff was subjected to a hostile work environment, including ongoing harassment;
   b. Whether plaintiff's supervisors and/or co-workers engaged in acts to which Plaintiff alleges she was subjected;
   c. Whether Plaintiff was subjected to adverse employment actions in retaliation for her protected activity;
   d. Whether Defendant had a legitimate, non-discriminatory reason for each of the challenged employment decisions;
   e. Whether the alleged discriminatory acts were sufficiently "severe and pervasive" to establish a claim for hostile work environment;
   f. Whether Plaintiff can establish that each of Defendant's reasons for the alleged discriminatory and retaliatory acts are pretext for unlawful discrimination;
   g. The appropriate remedies for plaintiff's claims.

3. **The principal legal issues which the parties dispute:**

The parties agree that generally the federal law under 42 USC 2000e governing sexual discrimination and harassment is sufficiently well-developed to preclude any issues of first impression. To the extent that legal issues are addressed, they generally will focus on the following issues:
   a. Whether Plaintiff can establish a *prima facie* case of discrimination and/or retaliation and if so, whether defendant's actions were taken for legitimate, non-discriminatory reasons;
   b. Whether each or any of the defendant's decisions of which plaintiff complains was an adverse employment action;
   c. What is the effect of the administrative decisions that have been made in

this case (including, but not limited to, whether either party is subject to estopple regarding claims, defenses or remedies).

4.  **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

None known. Venue and subject matter jurisdiction are not disputed.

5.  **The parties which have not been served and the reasons:**

None.

6.  **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder**:

None.

B.   **CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

**The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial**:

None.

C.   **ALTERNATIVE DISPUTE RESOLUTION:**

**ADR Assignment:**

The parties agree that a settlement conference before a magistrate judge may be appropriate after plaintiff files a related case and the Administrative Judge issues an order regarding damages in a currently-pending administrative proceeding.

**[PROPOSED] ORDER REGARDING 90-DAY STAY**

In light of the facts that (1) the Administrative Judge who issued the November 30, 2006 order has not yet issued an order addressing damages and such order may effect the position of the parties in this case, (2) plaintiff is likely to file a second complaint that, in all likelihood, will be related to the pending complaint, and (3) in 90 days this case will, in all likelihood, be in a better posture for settlement and/or delineation of issues for litigation, the parties hereby request

///

///

///

1  that the Court stay proceedings in this case for 90 days.

                                          JOSEPH P. RUSSONIELLO
                                          United States Attorney

_____         /s _____
PLAINTIFF                      ABRAHAM A. SIMMONS
                                    Assistant U.S. Attorney
                                    Attorney for Defendant

### [PROPOSED] ORDER

The application is GRANTED. The Case Management Conference currently scheduled for May 16, 2008 is hereby VACATED. A status conference is scheduled for August 15, 2008. The parties shall file a joint status conference statement on or before August 8, 2008.

Dated: _____                                 */s/ Susan Illston*
                                                    SUSAN ILLSTON
                                                    DISTRICT COURT JUDGE