JUDY MCDERMOTT
PRO SE, PLAINTIFF
366 HIBISCUS LANE
SUISUN CITY CA 94585
707/428-6513

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

JUDY A. MCDERMOTT,           )    CIVIL CASE NO: **C 07-6300** SI
        Plaintiff, Pro Se    )
V.                           )
                             )    **PLAINTIFF'S MANAGEMENT**
JOHN E. POTTER,              )    **CONFERENCE STATEMENT**
U.S. POSTMASTER GENERAL      )    **and PROPOSED ORDER;**
        Defendant            )    **PROVISIONAL DISCOVERY PLAN**
                             )
                                  August 1, 2008

On July 23, 2008 and July 29, 2008 Plaintiff contacted Agency Counsel via telephone and email. By email dated 7/29/09 Plaintiff advised Counsel that she would be out of town the week of August 4-8, 2008 and if a Joint Management Statement was to be timely submitted for the due date of 8/8/08, it would have to be completed by August 1, 2008. Plaintiff heard no response from Agency Counsel, and Plaintiff is submitting her own Management Conference Statement and Proposed Order and Provisional Discovery Plan.

In accordance with Civil Local Rule ("L.R.") 16-9, with the above reason for diversion, Plaintiff in the above-entitled action submits this Case Management Statement and Proposed Order, and Provisional Discovery Plan, and requests that the Court adopt the

Joint Management Statement  C 07-6300 SI                    1
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

1

2    proposed Case Management Order and Provisional Discovery Plan as its Case Management

3    Order in this case.

4    1. **JURISDICTION AND SERVICE**: *The basis for the court's subject matter jurisdiction*
5    *over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding*
     *personal jurisdiction or venue, whether any parties remain to be served, and, if any parties*
6    *remain to be served, a proposed deadline for service.*

7    **ISSUE:** The Defendant denies that this Court has jurisdiction, and denies that the Venue is
8
9    properly laid in the Northern District of California pursuant to Title 28 U.S.C. § 1391(b)

10   regarding PLAINTIFF'S federal claims for relief pursuant to 42 U.S.C. § 2000e et. seq. and

11   28 U.S.C. § 1331, as outlined in their ANSWER to the COMPLAINT, disparate from

12   Plaintiff's contentions as addressed in the Complaint. No parties remain to be served.
13

14   2. **FACTS:** *A brief chronology of the facts and a statement of the principal factual*
15   *issues in dispute.*
                         **NATURE OF THIS CASE**
16

17   **Plaintiff's Statement of Facts:**
            Plaintiff's Employment Discrimination Complaint arises from her employment as a
18
19   Postal Inspector with the United States Postal Inspection Service (USPIS), in which she

20   alleged she was discriminated against based on her sex, and retaliated against for

21   participating in the EEO process, as part of the Agency's on-going pattern and practice of

22   illegal conduct, which has created and exacerbated a hostile work environment (HWE).
23
24   Plaintiff alleges that the illegal conduct targeting her began in 1998 once she started filing

25   EEO complaints, and continues to date, with no intervention from upper-level USPIS

26   management who have condoned the illegal conduct, even after the Agency was found

27   liable for the illegal conduct.

28

1

2      Plaintiff has filed a total of 20 Equal Employment Opportunity (EEO) complaints

3  from 1998 through 2007, of which fourteen EEO complaints were filed prior to the EEO

4  complaint addressed in this Civil Complaint. Plaintiff's first seven EEO complaints were

5
   heard before Administrative Law Judge (ALJ) David Kelley at the San Francisco EEOC
6
7  during an 8 day EEOC hearing in August 2004. On November 30, 2006, ALJ Kelley issued

8  a Memorandum Opinion and Order (MOO) in which the Agency was found liable for

9  discrimination, harassment, retaliation, and a sexually hostile work environment on-going

10
   for years, relative to the first seven EEOC complaints filed by the Plaintiff. The MOO also
11
12  stated that Plaintiff was the most credible witness, while numerous Agency witnesses were

13  either impeached and/or found to be non-credible. These EEO complaints are relevant

14  herein to show the Agency's on-going pattern of illegal conduct and the HWE.

15
       Plaintiff filed a Civil Complaint on EEO #15 on December 13, 2007, alleging sex
16
17  discrimination (female), reprisal for prior EEO activity, and an on-going HWE, when

18  management set Plaintiff up for Disciplinary Action after learning she was declining redress

19  and was filing a formal EEO complaint, which is the subject of this Complaint

20
       Plaintiff subsequently filed a 2nd Civil Complaint for EEOs #10-14 and #16-20 on
21
22  July 16, 2008 (C-08 03432 SBA) for which she also filed a Motion to consider whether to

23  Join these cases on July 17, 2008. Plaintiff's phone call to Agency Counsel on July 23,

24  2008 was to address this Motion, after learning it should have been discussed with counsel

25
   prior to the submission of the Motion. These EEO complaints are relevant herein to show
26
27  the Agency's on-going pattern of illegal conduct and the HWE.

28

Joint Management Statement  C 07-6300 SI                    3
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

Plaintiff alleges in Complaint C07-06300SI that on April 4, 2006, San Francisco (SF) Inspector in Charge (INC) Bill Atkins, retaliated against Plaintiff immediately after he was advised by EEO Counselor Deborah Sutton, that Plaintiff declined to participate in redress and would be filing a formal EEO on a prior EEO (EEO #14, Agency No. 6H-000-0001-06), and that Plaintiff was aware Atkins called her a "Fucking Bitch" (hereafter referred to as "FB") in a public hallway stating he did not want her in the SF Division. Sutton then contacted INC Atkins and advised him of her conversation with Plaintiff.

Immediately after INC Atkins was advised by EEO Counselor Sutton that Plaintiff declined redress and was filing another formal EEO complaint, INC Atkins along with Assistant Inspector in Charge (AIC) Marian Post, immediately ordered a meeting with Plaintiff's supervisor, Jeff Kovacs, in order to discriminate, harass and retaliate against Plaintiff, by having Jeff Kovacs take disciplinary action against her, under the guise of an allegedly "rude" and "inappropriate" email Plaintiff sent to a Postal Police Officer (PPO) over a week earlier on March 27, 2006. Atkins provided no copies of the email or other relevant documents to Kovacs in support of his allegations against Plaintiff during this meeting, further supporting Plaintiff's position that this was not about the email at all, but was done to discriminate, harass and retaliate against Plaintiff for her continued participation in filing EEOs in which he and AIC Post were named as discriminating officials, resulting in an exacerbation of the already HWE.

During Atkins' meeting with Kovacs he brought up the fact that Plaintiff has filed many other EEO complaints. After disparaging Plaintiff and her work performance to Kovacs, Atkins implied to Kovacs that he should take disciplinary action against Plaintiff.

1

2    Plaintiff's supervisor, Jeff Kovacs, met with Plaintiff later that same day and

3    advised her about his meeting with Atkins and Post. Plaintiff explained to Kovacs that

4    Atkins' meeting with him was not about the email, but was really about Plaintiff advising

5    EEO Counselor Sutton that she was filing another EEO and that Plaintiff was aware of

6

7    Atkins' "FB" comment. Until then, Atkins was unaware Plaintiff knew about his "FB"

8    comment. Kovacs "verbally counseled" Plaintiff for the email she sent to the PPO, and

9    Kovacs documented this "verbal counseling" by email dated April 5, 2006, which he then

10    disseminated to AIC Post and Plaintiff. Kovacs believed the "verbal counseling" was

11

12    disciplinary in nature and therefore placed a copy of the April 5, 2006 email in Plaintiff's

13    Level 2 Team folder. Kovacs did not believe Plaintiff's email was rude and/or

14    inappropriate, but felt obligated to take disciplinary action against Plaintiff, based on INC

15    Atkins' comments and demeanor when discussing the incident with Kovacs.

16

17    Plaintiff disagreed with the "verbal counseling," believing she had done nothing

18    wrong, and that management meeting with Kovacs was pretext for discrimination. Plaintiff

19    sent a written request to INC Atkins and AIC Post to provide her something in writing

20    explaining what specifically in her March 27, 2006 email to the PPO they believed to be

21

22    "disrespectful, rude and/or inappropriate." Plaintiff received no response.

23    Kovacs subsequently provided Plaintiff a Declaration dated May 12, 2008,

24    regarding the above incident, after Plaintiff advised him of an "Offer of Proof" she received

25    from USPIS Inspector Attorney Ed Lawee, which she knew to be inaccurate. Kovacs'

26

27    Declaration stated that, "INC Atkins did not directly order me to take disciplinary action

28    against McDermott, but it was implied that he expected me to take some disciplinary action

1

2  to ensure this would not happen again, and he implied this was the second time he became

3  aware of her insolence." Kovacs' Declaration stated he verbally counseled Plaintiff, which

4  he classified as an "Official Discussion," the first step in the disciplinary process, which he

5
6  followed up with an email and then placed a copy of the email in Plaintiff's Level 2 Team

7  folder which is where disciplinary action records are maintained by a supervisor.

8  Additionally, Kovacs's Declaration stated he was advised by both Ed Lawee, Postal

9  Inspector Attorney and Monique Rutter, USPS Attorney, on separate occasions, that neither

10
11  felt Plaintiff's email to the PPO was rude. Included as **ATTACHMENT 1** is a Declaration

12  of Jeff Kovacs dated May 12, 2008.

13      At the time of the "verbal counseling," INC Bill Atkins was named as a

14  discriminating official in four (4) of Plaintiff's prior EEO complaints involving allegations

15
16  of discrimination, harassment, retaliation and an on-going HWE, and in total Atkins has

17  been named as a discriminating official in nine (9) of Plaintiff's EEO complaints while AIC

18  Post has been named in six (6). Atkins and Post were both removed from their positions in

19  May 2007 due to alleged improprieties. Atkins was allowed to retire and Post was

20
21  reassigned out of San Francisco.

22      Plaintiff asserts that a "verbal counseling" is the first step in disciplinary action, and

23  this action targeting her was done to deter the EEO process and to further harass and

24  retaliate against her for continuing to utilize her Title 7 rights. Atkins and Post approaching

25
26  Kovacs without a legitimate reason, and Kovac's subsequent actions of "verbally

27  counseling" Plaintiff, making an official written record of that disciplinary action,

28  disseminating the written record of the disciplinary action to management, and placing the

1

2    document in Plaintiff's Level 2 Team folder, clearly harms Plaintiff by setting her up for

3    more serious progressive disciplinary action in the future since disciplinary action must be

4    progressive, tainting her reputation to her supervisor and future supervisors who receive

5    copies of her Level 2 team folder, embarrassing and humiliating Plaintiff by management's

6

7    unsubstantiated claims of her misconduct which they had done in the past, interferes with

8    her Federal rights to file an EEO without discrimination or retaliation, puts out the message

9    to other employees what will happen if they pursue Title 7 rights, subjecting Plaintiff to

10

11   excessive scrutiny by management because she continues to file EEOs, and continues the

12   harassing and retaliatory behavior which has exacerbated the HWE. Further, Headquarter's

13   management has made no effort to stop the on-gong discriminatory and retaliatory behavior

14   even after numerous contacts by Plaintiff requesting intervention, further aggrieving

15   Plaintiff.

16

17        Plaintiff asserts that Atkins's insistence that her supervisor take disciplinary action

18   against her, without just cause, taken on the heels of numerous EEOs naming him as a

19   discriminating official dating back to 2003, emphasized the extent of the HWE that Plaintiff

20   was continually exposed to, the constant scrutiny she was under disparate from non-EEO

21   filers, and the ongoing pattern of discrimination and retaliation targeting her. Atkins used

22   Plaintiff's email to a PPO as pretext for discrimination and retaliation, in order to further

23

24   retaliate against her and to deter the EEO process, and to set her up for more serious

25   disciplinary action in the future. The "verbal counseling" Plaintiff received by her

26   supervisor, was clearly disciplinary in nature and constituted an adverse personnel action,

27

28

1

2    based on a discriminatory and retaliatory animus, which occurred immediately INC Atkins

3    learned Plaintiff was declining redress and filing a formal EEO.

4        Plaintiff asserts this is not one isolated incident, but is part of an on-going pattern of

5    illegal conduct spanning a decade, and should be viewed as such with this being the 15th

6
     EEO complaint she has filed.    Atkins' reaction to Plaintiff declining redress and choosing
7

8    to file an EEO complaint as addressed herein, mirrored his prior reaction in January 2006

9    when he called Plaintiff a "FB" in a public hallway while speaking to Ed Lawee, and stated

10
     he did not want Plaintiff in SF or in the SF Division immediately after he learned Plaintiff
11

12   was filing an EEO on the pre-retirement training issues (EEO complaint #14).    The "FB"

13   incident was included by Plaintiff in her EEO #15 herein to show the pattern of illegal

14   conduct targeting her, management's pervasive view of Plaintiff and their attitude

15
     surrounding her utilizing her Title 7 rights and filing EEOs, and the on-going HWE
16

17   targeting Plaintiff.

18
        The Agency's on-going discriminatory and retaliatory conduct and ensuing HWE
19

20   has caused Plaintiff mental and physical stress, including headaches, chest pains, high

21   blood pressure, anxiety, depression and sleeplessness, for which she has received medical

22
     treatment and continues to receive treatment to date.
23

24      Management continued to discriminate and retaliate against Plaintiff due to her EEO

25   activity, causing her to file an additional five EEO complaints after the EEO complaint

26   addressed in this Complaint, and Plaintiff eventually filed a CA-2 stress claim in April

27   2007.

28

1

2    **Defendant's Statement of Facts:**

3            The Defendant denies allegations in each and every paragraph of the Plaintiff's

4    Complaint with the exception of Paragraph 21 which states, "Plaintiff reports to a Team

5    Leader, and the Team Leader reports to an AIC, and the two AICs report to the INC," as

6    addressed in their ANSWER to the Complaint.

7

8            Defendant avers that the "verbal counseling" did not constitute a disciplinary action

9    because it was only a "pre-disciplinary" interview and therefore Plaintiff suffered no injury

10    or harm to a term, condition or privilege of employment and that this one incident is not

11    sufficiently severe or pervasive to create a discriminatorily hostile or abusive working

12    environment, that Plaintiff would not benefit from intervention, and that the issues of the

13

14    "FB" comment by INC Atkins states the same claim that is pending in another EEO filed by

15    Complainant and is not relevant to this Complaint.

16            The Defendant states that the email referencing the "verbal counseling" being

17    placed in Plaintiff's Level 2 Team folder did not constitute a disciplinary action and a

18

19    documented incident is only disciplinary in nature if it is placed in an employee's Official

20    Personnel Folder (OPF).

21    **ISSUES IN DISPUTE**

22            --Whether Plaintiff engaged in protected activity when she told EEO counselor

23    Sutton that she would not participate in re-dress on EEO #14, but would be filing a formal

24
      EEO complaint, and that she was aware that INC Atkins had called her a "FB" in a public
25

26    hallway immediately after he learned she was filing an EEO complaint.

27            --Whether INC Bill Atkins and AIC Marian Post had a legitimate and non-

28    retaliatory reason to approach Plaintiff's supervisor, Jeff Kovacs, about the 3/27/06 email

1

2    Plaintiff sent to a PPO, or was the reason Atkins confronted Kovacs, pretext for

3    discrimination and retaliation, as part of the HWE harassment.

4    --Whether INC Atkins and AIC Post were in collusion to discriminate and retaliate

5    against Plaintiff, setting her up for more serious disciplinary action in the future, due to

6
7    their personal relationship and both being named in numerous EEO complaints as

8    discriminating officials.

9    --Whether it is relevant that INC Atkins and AIC Post had an inherent conflict of

10   interest because of their personal relationship, when they both approached Plaintiff's
11
12   supervisor to have him take disciplinary action against Plaintiff, when AIC Post was

13   Kovac's supervisor.

14   --Whether the INC and the AIC both confronting a postal inspector's supervisor

15   about an allegedly rude email, is considered "standard operating procedure," or was
16
17   Plaintiff treated disparately than those not filing EEOs when both the INC and AIC

18   confronted her supervisor.

19   --Whether Plaintiff's email to the PPO was rude and/or inappropriate.

20   --Whether a PPO lodged a complaint about Plaintiff's email, and if so, whether
21
22   management conducted an investigation.

23   --Whether Atkins approaching Kovacs without documentation to support his

24   allegations against Plaintiff, nine days after Plaintiff sent the PPO email, is relevant to

25   allegations of discrimination, retaliation and HWE harassment.
26

27

28

--Whether Atkins' addressing the number of EEOs Plaintiff has filed with Plaintiff's supervisor supports allegations of retaliation and the HWE, and constitutes an interference with the EEO process.

--Whether Atkins' reaction to Plaintiff filing a formal EEO as addressed in this Complaint, when taken together with his past reaction to Plaintiff filing an EEO for the pre-retirement class in EEO #14, support allegations of HWE harassment.

--Whether Plaintiff was "verbally counseled" as she asserts, or whether it was a "pre-disciplinary" interview as the Defendant asserts.

--Whether a "verbal counseling" is disciplinary in nature.

--Whether a "pre-disciplinary" interview is disciplinary in nature.

--Whether "verbal counseling" is the first step in disciplinary action and lays the groundwork for management to take progressive disciplinary action against Plaintiff in the future.

--Whether Plaintiff suffered an adverse employment action when she was given a "verbal counseling" by her supervisor which he documented, disseminated, and placed in her Level 2 Team Folder.

--Whether an action can only be considered "disciplinary" in nature if it is placed in an employees' Official Personnel File (OPF) as alleged by the Agency.

--Whether disciplinary action can be placed in an employee's Level 2 Team folder.

--Whether Plaintiff suffered an adverse employment action when a term, condition or benefit of her Federal Employment to work in an environment free of discrimination and retaliation were violated as part of the HWE harassment.

Joint Management Statement  C 07-6300 SI
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

11

1

2      --Whether the Defendant is viewing the issue in this Complaint as one isolated

3      incident instead of being viewed as part of an on-going pattern and practice of

4      discrimination and a HWE, continuing for years.

5

6      --Whether the issues in this Complaint, when taken together with other EEO

7      complaints filed by Plaintiff, support allegations of the Agency's on-going pattern of

8      discrimination, harassment and retaliation, creating and exacerbating a HWE.

9      --Whether Plaintiff naming Atkins in 9 EEO complaints and Post in 6 EEO

10
       complaints as discriminating officials, and their removal from their positions in May 2007
11

12     is relevant to allegations of the Agency's on-going illegal conduct and HWE harassment,

13     for which Headquarters' management failed to intervene.

14     --Whether the "FB" comment by Atkins after learning Plaintiff was filing an EEO is

15
       relevant to this Complaint to support the on-going discrimination and the HWE, and
16

17     management's continued negative reactions to Plaintiff utilizing her Title 7 rights.

18     --Whether taking disciplinary action against Plaintiff, immediately after learning she

19     was filing another EEO complaint, causes harm or injury to the Plaintiff.

20
       --Whether Headquarters' management's failure to intervene into Plaintiff's
21

22     continued allegations of Agency misconduct, subjected her to continuing HWE harassment,

23     which adversely impacted her.

24

25     3. **LEGAL ISSUES**: *A brief statement, without extended legal argument, of the disputed*
       *points of law, including reference to specific statutes and decisions.*
26

27     Plaintiff alleges that the USPIS has a been involved in an on-going pattern of

28     discrimination, harassment and retaliation targeting females, dating back to at least 1990

1

2    and 1991 when female inspectors in the Oakland Division of the USPIS (now San

3    Francisco Division) signed a petition regarding the discriminatory work environment

4    against females, and retaliation targeting them once they spoke up about the illegal conduct.

5
6    Female postal inspectors subsequently filed a Class Action EEO in 1991 alleging an

7    ongoing pattern and practice of discrimination against female postal inspectors individually,

8    and as a class.

9    Plaintiff first filed an EEO complaint in 1998 naming a male supervisor who had

10
11   previously been named in three (3) EEO complaints by three different female postal

12   inspectors.  Since filing EEOs, Plaintiff has been the target of on-going discrimination,

13   harassment and retaliation, by each group of managers arriving in the SF Division, without

14   intervention from Headquarters' management, which has created and exacerbated a HWE.

15
16   This Complaint is not one isolated incident, and should be viewed in conjunction with other

17   EEOs filed to show the "totality of the circumstances" of the on-going discrimination,

18   retaliation and HWE harassment on-going for over 10 years, targeting not only Plaintiff but

19   targeting others utilizing their Title 7 rights as recently as 2008.

20

21   **PLAINTIFF'S CASE LAW**

22   For cases of reprisal, Complainant states a claim where the Complainant has

23   engaged in protected activity, there is as adverse action (an action reasonably likely to deter

24   employees from engaging in protected activity) and a causal connection between the two.

25
26   The EEOC has interpreted "adverse employment action" to mean any adverse treatment that

27   is based on a retaliatory motive and is reasonably likely to deter the charging party or others

28   from engaging in protected activity.  **EEOC Compliance Manual Section 8,**

"**Retaliation**," P 8008(1998). The EEOC test covers lateral transfers, unfavorable job references, and changes in work schedules. These actions are all reasonably likely to deter employees from engaging in protected activity. *See e.g.,* **Ray v. Henderson**, 217 F.3d 1234 (9th Cir. 2000).

In claims of harassment the Agency must consider all of the claims together in a light most favorable to the Complainant to determine whether they state a claim. **Cobb v. Department of the Treasury,** EEOC Request No. 05970077 (March 13, 1997). If the claims are sufficiently severe or pervasive to alter a term, condition, or privilege of complainant's employment, then they state a claim of harassment. See **Harris v. Forklift Systems, Inc.**, 510 U.S. 17, 21 (1993). See also **Meritor Savings Bank v.Vinson,** 477 U.S. 57, 67 (1986).

Actions taken in retaliation for the exercise of Title VII rights can have a "deleterious effect on the exercise of these rights by others." **Garcia v. Lawn**, 805 F. 2d 1400, 1405 (9th Cir. 1986).

No person shall be subjected to retaliation for opposing any practice made unlawful by title VII of the Civil Rights act, or for participating in any stage of administrative or judicial proceedings under these statutes. **EEOC Regulations 29 C.F.R@ 1614.101(b**).

"A hostile work environment occurs when there is a pattern of on-going and persistent harassment severe enough to alter the conditions of employment." **Draper v. Coeur Rochester, Inc.,** 147 F.3d at 1104, 1005, 1108 (9th Cir. 1998)

Joint Management Statement - C 07-6300 SI
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

14

1

2    The mere existence of an allegedly discriminatory counseling memorandum in the

3    official personnel files of an employee constitutes a sufficient injury to aggrieve the

4    employee. **Simeone v. Secretary of Navy,** 05930973, 3955/A2 (1994).

5

6    Increased scrutiny of an employee's performance following participation in

7    protected activity may constitute an adverse action. See **Francis v. American Telephone**

8    **and Telegraph Co., Long Lines Department,** 55 FRD 202 (D.D.C 1972).

9    The failure of the employee to receive a term, condition or privilege of employment

10
     is sufficient to aggrieve her for complaint purposes. **Miller v. Secretary of Navy,**
11
12   01971880 (1998).

13   With regards to claims alleging retaliation, the Commission has stated that adverse

14   actions need not qualify as ultimate employment decision. Statutory retaliation clauses

15   prohibit any adverse treatment that is based on a retaliatory motive and is reasonably likely
16
     to deter the complainant or others from engaging in protected activity. See **Schneider v.**
17
18   **United States Postal Service,** EEOC Request No. 05A01065 (August 15, 2002), at note 2

19   (citing EEOC Compliance Manual, No 915.003 (May 20, 1998)

20
     Allegations which may not, standing alone, sufficiently aggrieve a Complainant
21
22   may, when taken in conjunction with already pending complaints, state a claim for relief for

23   a pattern of conduct demonstrating harassment or reprisal. **Reda v. Postmaster General,**

24   **05950934, (1996).**

25
     If an aggrieved person alleges that incidents in questions are part of a pattern of
26
27   harassment, that person has alleged a loss or harm to a term, condition, or privilege of her

28

1

2   employment, i.e., the right to work in an environment free from harassment. **Trafficant v.**

3   **Metropolitan Life Insurance Co.,** 409 U.S. 205 (1972).

4         With respect to appellant's charge of harassment, the Commission notes that

5   harassment of an employee that would not occur but for a prohibited discriminatory motive

6

7   is unlawful if it is sufficiently patterned or pervasive. See **McKinney v. Dole**, 765 F.2d

8   1129, 1138-39 (D.C. Cir. 1985).

9         Employees have the right to work in an environment free from retaliatory

10  intimidation and such allegations state a claim within EEOC regulations because the

11

12  potential that retaliatory harassment poses to the EEO process and to those who may wish

13  to pursue EEO remedies. **Antol v. Department of Defense,**  EEOC Appeal No. 01952879

14  (2/15/96).

15        **Passer v. American Chemical Society**, 935 F.2d 322, 331 (D.C. Cir. 1991)

16

17  (Section 704(a)) broadly prohibits an employer from discriminating against its employees

18  in any way for engaging in protected activity and does not "limit its reach only to acts of

19  retaliation that take the form of cognizable employment actions such as discharge, transfer

20  or demotion".

21

22        Even if there were a requirement that the challenged action affect the terms or

23  conditions of employment, retaliatory acts that create a hostile work environment would

24  meet that standard since, as the Supreme Court has made clear, the terms and condition of

25  employment include the intangible work environment. **Meritor Savings Bank v. Vinson,**

26

27  477 U.S. 57, 64-67 (1986). For examples of cases recognizing that retaliatory harassment is

28  unlawful, see **DeAngelis v. El Paso Municipal Police Officers Ass'n.,** 51 F.3d 591 (5th

1

2    Cir.), cert. denied, 116 S. Ct. 473 (1995); **Davis v. Tri-State Mack Distributor,** 981 F.2d

3    340 (8th Cir. 1992).

4        **Knox v. State of Indiana**, 93 F.3d 1327, 1334 (7th Cir. 1996)("[t]here is nothing

5
6    in the law of retaliation that restricts the type of retaliatory act that might be visited upon an

7    employee who seeks to invoke her rights by filing a complaint."

8
9    4. **MOTIONS:** *All prior and pending motions, their current status, and any anticipated
     motions.*

10
11       On July 17, 2008 Plaintiff filed a MOTION to Consider whether this case should be

12   Related to Civil Case C-08-03432 SBA that was filed on July 16, 2008 involving EEOs

13   #10-14, and #16-20.  AUSA Simmons was contacted by Plaintiff on July 23, 2008 and a

14   voice mail left regarding relating these two cases, with no response.  There has been no

15
16   discussion with Defendant Counsel on this issue to date.   Summary Judgment motions are

17   likely.

18

19   5. **AMENDMENT OF PLEADINGS**: *The extent to which parties, claims, or defenses are

20   expected to be added or dismissed and a proposed deadline for amending the pleadings.*

21
22       Plaintiff anticipates none at this time unless the two Civil Complaints are joined

23   and/or related.  Proposed deadline for a decision on whether to relate these two cases should

24   be August 25, 2008 (C07-06300 SI and C08-03432 SBA).

25

26       6. **EVIDENCE PRESERVATION**: *Steps taken to preserve evidence relevant to
     the issues reasonably evident in this action, including interdiction of any document-
27   destruction program and any ongoing erasures of e-mails, voice mails, and other
28   electronically-recorded material.*

1

2      Plaintiff has not been advised by the Defendant that they have taken any steps to preserve

3
4      evidence relevant to the issues in this Complaint. Complainant has request on numerous

5      occasions in the past, dating back several years, that the Agency preserve relevant

6      documents and records to include but not limited to phone and computer records.

7

8      7. **DISCLOSURES:** Whether *there has been full and timely compliance with the initial*
9      *disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

10      Neither party has provided any disclosures. Plaintiff proposes that disclosures be

11      completed by both parties by December 8, 2008, with the exception of depositions.

12

13      8. **DISCOVERY:** *Discovery taken to date, if any, the scope of anticipated discovery, any*
       *proposed limitations or modifications of the discovery rules, and a proposed discovery plan*
14      *pursuant to Fed. R. Civ. P. 26(f).*

15      Neither party has provided any discovery to date. Plaintiff anticipates requests for
16
17      documents, interrogatories, and admissions, including requests for computer and phone

18      records to/from INC Atkins, AIC Post, Ed Lawee and Lawrence Katz, USPIS Attorneys,

19      Tom Brady, Deputy Chief Postal Inspector, and Lee Heath, Chief Postal Inspector, requests

20      for copies of EEO complaints and EEOC Reports of Investigations and EEOC files
21
22      alleging the same violations of Title 7 as alleged by Plaintiff that were filed in the SF

23      Division during the relevant periods of time to include any of the named discriminating

24      officials named by Plaintiff, and copies of all depositions of management officials relevant

25      to the same allegations of Title 7 violations as filed by Plaintiff.

26

27

28

Joint Management Statement  C 07-6300 SI                 18
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

1

2

### PROVISIONAL DISCOVERY PLAN

Plaintiff proposes that requests for Documents, Interrogatories and Admissions, not

3

4

to exceed 30 requests for EACH CAUSE OF ACTION, be completed by December 8,

5

2008. Plaintiff proposes that Depositions be completed by March 16, 2009. At this time,

6

Plaintiff anticipates depositions of Postal Inspectors Marian Post (aka Marian Williams),

7

former Postal Inspector Bill Atkins, Jennifer Lim, Ed Lawee, Lawrence Katz, Lee Heath,

8

9

and Tom Brady.

10

### PLAINTIFF'S PROPOSED WITNESSES

11

12

Plaintiff will provide this with Discovery responses.

13

### PLAINTIFF'S DOCUMENT REQUESTS

14

Plaintiff proposes that the parties should submit requests for Discovery Documents

15

16

to the parties at least 30 days prior to the December 8, 2008 deadline for Discovery

17

submissions.

18

9. **CLASS ACTIONS**: *If a class action, a proposal for how and when the class will be*

19

*certified.*

N/A

20

21

10. **RELATED CASES:** *Any related cases or proceedings pending before another judge of*

*this court, or before another court or administrative body.*

22

23

Other EEO cases relevant to this action as part of the Agency's on-going pattern of

24

illegal conduct are listed below. An EEOC hearing for EEO complaints #1-7 was held in

25

SF In August 2004 for which the Agency was found liable for discrimination, harassment

26

and retaliation, on-going for years.

27

28

Plaintiff filed a Civil Complaint on July 16, 2008, for EEO complaints #10-14 and

#16-20 (C-08 03432 SBA) and subsequently filed a Motion on July 17, 2008 to determine

whether this Civil Complaint should be joined with the Complaint herein:

| Date | Complaint No. | | Description |
|---|---|---|---|
| 04/02/98 | No complaint filed | | John Hummel |
| 08/11/98 (#1) | HI-0076-98 (370-AO-X2553) | | Denied Territory* |
| 12/22/98 (#2) | HI-0028-98 (370-A1-X2054) | | On-going Hostile Work Environment* |
| 01/04/99 (#3) | HI-0036-99 (370-A1-X2055) | | Team Transfer* |
| 02/16/99 (#4) | HI-0056-99 (370-AO-X2552) | | Merit* |
| 06/19/99 (#5) | HI-0080-99 (370-A1-X2056) | | Hall Meeting* |
| 10/03/00 (#6) | HI-0012-01 (370-A1-X2507) | | Hummel Incident* |
| 12/26/00 (#7) | HI-0047-01 (370-A1-X2511) | | Sexual Assault by Ken Innes* |
| 5/15/01 (#8) | HO-0084-01 | | Official time denied |
| 7/29/02 (#9) | HI-0075 -02 | | Nedd threatening a fitness for duty |
| 10/20/03 (#10) | 66-000-0055-03 | 370-2005-00127X | Whistleblower Retaliation transfer |
| 11/04/03 (#11) | Pre-EEO (consolidated w/10) | | Interview by Internal Affairs Division |
| 02/03/05 (#12) | 66-000-0013-05 | 370-2006-0054X | Retaliation against Janene Gordon |
| 11/12/05 (#13) | 66-000-0003-05 | | Retaliation against Marilyn Lee |
| 04/11/06 (#14) | 6H-000-0001-06 | 550-2007-00390X | Denied pre-retirement training/HWE |
| 08/16/06 (#15) | 66-000-0037-06 | (C-07-06300) | Atkins ref PPO Incident/HWE-Civil Lawsuit |
| 10/31/06 (#16) | 66-000-0047-06 | 550-2007-00302X | AIC Post/Howard incident |
| 04/07/07 (#17) | Pre- EEO | | Management denying sick Leave |
| 04/07/07 (#18) | 66-000-0036-07 | 550-2007-00400X | Punitive Transfer to EC team |
| 11/13/07 (#19) | 66-000-0001-08 | 550-2008-00192X | Requests for Medical/Disparate Agency |
| | | | Discrimination Policies, Procedures & S/L |
| 1/5/08 (#20) | Pre-EEO Filed | | Status of EEO #17 |

11. **RELIEF:** *All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Damages for all past and future pecuniary costs are requested and will be itemized for the Defendant and included with Discovery, to include reimbursement for Plaintiff's personal time spent on this case and attorney fees if incurred. Non-pecuniary damages in the amount of $300,000 for each Cause of Action. Equitable Relief to include but not limited to additional yearly anti-discrimination training within the USPIS, the posting of a public apology acknowledging the Agency's illegal conduct targeting Plaintiff, letters sent to all postal employees and support personnel assigned for any period of time in the SF

Division during the relevant times of this Complaint acknowledging the Agency's illegal conduct (the wording of the letter to be approved by the Plaintiff), and a revision of the Agency's Discrimination policies to include disciplinary action against those involved in violations of Title 7 or joining in the retaliation and/or harassment.

12. **SETTLEMENT AND ADR**: *Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Settlement discussions have not been conducted.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**: *Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

The parties did not agree to refer this case to the magistrate judge

14. **Other References**: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

No

15. **NARROWING OF ISSUES**: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

Plaintiff does not belief that any of the above can be accomplished without discussion with Defendant.

16. **EXPEDITED SCHEDULE:** Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

Plaintiff does not believe this case can be handled on an expedited basis with streamlined procedures.

Joint Management Statement  C 07-6300 SI
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

21

17. **SCHEDULING**: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

      Plaintiff proposes the following scheduling dates:
      Discovery Documents due December 8, 2008
      Depositions completed by March 16, 2009
      Pre-Trial Conference scheduled for May 4, 2009
      Trial date scheduled for May 25-29, 2009

18. **TRIAL:** *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

      The Plaintiff has requested a jury. The expected duration of a jury trial is 4-5 days.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**: *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

      On May 8, 2008, Plaintiff mailed to this Court and Defendant, a "Certification of

Interested Entities or Persons." All known parties with an interest to this case include:

**Plaintiff, Pro Se:**
      Judy McDermott
      366 Hibiscus Lane
      Suisun City CA 94585  707/428-6513

**Defendant:**
      Joseph P. Russoniello
      C/O Abraham Simmons
      United States Attorney
      Northern District of California
      450 Golden Gate Avenue
      Box 36055
      San Francisco, CA 94102     415/436-7200

Joint Management Statement C 07-6300 SI
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

22

1
2   John Potter
   Postmaster General, United States Postal Service
3   475 L'Enfant Plaza, SW
   Washington, DC 20260     202/268-2000
4
5   Michael Mukasey
   Attorney General, Department of Justice
6   950 Pennsylvania Ave
   Washington DC 20530
7
8   20. *Such other matters as may facilitate the just, speedy and inexpensive disposition of this*
   *MATTER.*
9
10   DATED: <u>August 1, 2008</u>
11                  JUDY A. MCDERMOTT,
12                  PLAINTIFF, PRO SE
                   366 Hibiscus Lane
13                  Suisun City, CA 94585
14
15   **ATTACHMENT**
   1. Declaration of Jeff Kovacs, Postal Inspector Team Leader, dated May 12, 2008.
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2
## (PROPOSED) CASE MANAGEMENT ORDER
## AND PROVISIONAL DISCOVERY PLAN

3

4
The Case Management Statement and Proposed Order is hereby adopted by the Court as

5
the Case Management Order for the case and the parties are ordered to comply with this

6
Order.

7

8

9
DATED: August 1, 2008

10
Susan Illston
U.S. DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Management Statement  C 07-6300 SI
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

24

1

2

## CERTIFICATE OF SERVICE

3  I am a citizen of the United States, over the age of 18 years, residing at 366 Hibiscus Lane, Suisun City CA 94585.

4

5  Enclosed is the Plaintiff's MANAGEMENT CONFERENCE STATEMENT and Proposed Order, dated August 1, 2008, and Certificate of Service to the listed party(s) below, mailed in a mail receptacle at Suisun City MPO via Priority Class Mail to the Court and:

6

7  TO:    Abraham Simmons                    (Mailed via Priority Mail)

8         Assistant United States Attorney
        Northern District of California
9         C/O Civil Process Clerk
        450 Golden Gate Avenue
10        Box 36055
11        San Francisco, CA 94102        415/436-7200

12

13  I certify under penalty of perjury that the above is true and correct.

14  Date: August 1, 2008

15                                            JUDY A. MCDERMOTT
                                            PLAINTIFF, PRO SE
16                                            366 Hibiscus Lane
                                            Suisun City CA 94585
17                                            707/428-6513

18

19

20

21

22

23

24

25

26

27

28

Joint Management Statement· C 07-6300 SI                    25
& Proposed Order, Provisional Discovery Plan
Certificate of Service
Judy A. McDermott v. John Potter

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUDY A. MCDERMOTT, | ) | CIVIL CASE NO: **C07-06300 SI** |
| Plaintiff, Pro Se | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN E. POTTER, | ) | |
| U.S. POSTMASTER GENERAL | ) | |
| Defendant | ) | **DECLARATION OF JEFF KOVACS,** |
| | ) | **POSTAL INSPECTOR TEAM LEADER** |

I, **JEFF KOVACS**, Postal Inspector, make this Declaration under penalty of perjury under the laws of the United Sates of America that the statements made herein are true and correct.

I am over the age of 18, am competent to testify to the matters herein and have personal knowledge of the same.

1. I am providing this declaration regarding my knowledge of the circumstances surrounding a meeting I had with Inspector in Charge (INC) William Atkins and Assistant Inspector in Charge (AIC) Marion Post on April 4, 2006, regarding the allegedly "rude" and "inappropriate" conduct of Judy McDermott, Postal Inspector, to Postal Police Officers (PPO), to include an email sent to one PPO on 3/27/06 regarding an employee threat incident, that stated, **"This is not the type of incident where the USPIS would get involved. It is not even close to being a credible threat. I just wanted the statement to include with the IR for my file."** At the time of the incident in question, I was Inspector McDermott's supervisor.

2. On April 4, 2006, I was called into INC Atkins' office. Also present was my supervisor, AIC Marion Post. INC Atkins was upset about what he described as rude and inappropriate behavior of Inspector McDermott towards a Postal Police Officer (PPO), and that Inspector McDermott had failed to respond to an employee threat and/or assault incident.

**Page 1 – Declaration of Jeff Kovacs**                1

    **Civil Case # C07-06300 SI**
**JUDY A. MCDERMOTT V. JOHN E. POTTER**

Attachment 1

3.  At the beginning of the meeting, INC Atkins stated, "I don't care how many EEOs that Inspector McDermott files, she will adhere to the Division policies just like everyone else." He went on to say that he expected McDermott to respond to any notification to her by PPOs for employee threats regardless of what time of day she gets notified. He stated she had been rude to a postal police officer and failed to perform her required duties.

4.  INC Atkins provided no documentation to me during this meeting to support his allegations. AIC Post provided some documentation to me after the meeting, primarily an email from Inspector McDermott dated March 27, 2006 that I had not seen prior to this point in time.

5.  During the meeting AIC Post made only a few comments as INC Atkins did the majority of the talking. Moreover, during this meeting INC Atkins did not directly order me to take disciplinary action against McDermott, but it was implied that he expected me to take some disciplinary action to ensure this would not happen again, and he implied this was the second time he became aware of her insolence.

6.  I met with Inspector McDermott that same day and advised her of my meeting with INC Atkins and AIC Post. Inspector McDermott advised she believed there was nothing "rude" or "inappropriate" about the email she sent, and said that INC Atkins had his meeting with me immediately after an EEO counselor had contacted her and she declined re-dress and advised the Counselor of INC Atkins calling her a "fucking bitch" in a public hallway, and the Counselor had subsequently advised INC Atkins of the conversation.

7.  I verbally counseled Inspector McDermott in what would be classified as an *Official Discussion*, the first step in a disciplinary process. Moreover, I followed up our discussion with a written email per the same subject and filed a copy in her personnel file (Level 2) that I maintained. (Supervisors routinely place records of disciplinary action into an employee's Level 2 team folder. Level 2 team folders containing disciplinary action and other employee documents are kept by the immediate supervisor as long as *the need to maintain them exists.*)

**Page 2 – Declaration of Jeff Kovacs**                          2

8.   Shortly thereafter, I sent an email to AIC Post, with a copy to Inspector McDermott, indicating Inspector McDermott had been "counseled" for the incident involving the PPOs. My email also indicated that I did not know what INC Atkins was referring to regarding some of the comments he made during the meeting about Inspector McDermott not responding to a threat incident. I said this because the threat incident requiring her response had occurred some ten days earlier and, as such, seemed stale at that point.

9.   With respect to the March 27, 2006 email sent by Inspector McDermott, I did not find it inappropriate or rude. Additionally, Ed Lawee, Postal Inspector Attorney, who was involved in the subsequent EEO on this issue, advised that he did not believe the email was rude; and, later, another USPS attorney, Monique Rutter, also involved in the case, stated she did not feel it was rude.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, San Francisco County, California, this 12th day of May 2008.

_____
JEFF KOVACS
POSTAL INSPECTOR
390 Main Street, 3RD Floor
San Francisco, CA 94105
415/778-5887