IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY A. MCDERMOTT,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN E. POTTER, POSTMASTER GENERAL,<br><br>  Defendant.<br>_____/ | No. C 07-06300 SI<br>Related Case: No. 08-003432 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO BIFURCATE** |

Plaintiff has filed motions to bifurcate the liability and damages portions of trial in these related cases pursuant to Federal Rule of Civil Procedure 42(b). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court DENIES the motions.

**BACKGROUND**

This case arises out of plaintiff Judy McDermott's claim that the United States Postal Service ("USPS") engaged in employment discrimination and retaliation against her on the basis of gender, age, and disability. Plaintiff has been employed by USPS as a postal inspector since approximately 1982. Second Amended Complaint ("SAC") ¶ 9. Plaintiff was transferred to the San Francisco/Oakland division of USPS in 1990. *Id.* According to plaintiff, she first complained of gender discrimination in 1998 because she believed she had been excluded from a postal inspection team on the basis of her gender. *Id.* ¶ 13. Plaintiff alleges that after she made her complaint, she was "negatively disparaged, labeled as a 'trouble maker,' and shunned by co-workers, many of whom were senior males . . . . Three supervisors stated Plaintiff should be sent for a fitness for duty (FFD) medical exam in response to her

continued EEO activity opposing unlawful employment practices." *Id.* ¶ 15. Plaintiff filed a series of seven EEOC complaints between 1998 and 2000. *Id.* ¶ 16. An administrative law judge ("ALJ") held a hearing on these complaints in August 2004 and determined in an order dated November 30, 2006 that USPS was liable for discrimination, harassment, retaliation, and promoting a hostile work environment. *Id.* ¶¶ 18-19; *see also* Nov. 30, 2006 ALJ Order, ex. B to Dunn Decl.

During and after the ALJ proceedings, plaintiff filed an additional eleven EEOC complaints that are the subject of the present litigation. SAC ¶¶ 22-24. Plaintiff's EEOC complaints allege that USPS engaged in retaliatory acts such as assigning plaintiff to a disproportionately large geographic work area; punitively transferring her to a less desirable unit; refusing to clear plaintiff's record of a misconduct allegation; denying plaintiff's request to attend USPS training in the city of her choice; reassigning a specific manager to plaintiff's unit in order to harass her; threatening plaintiff with a fitness for duty medical exam; denying plaintiff's request for sick leave due to psychological issues; and denying plaintiff an agency representative during the EEOC proceedings. *See id.* ¶¶ 28, 30, 49, 69, 85, 90, 113.

Presently before the Court are plaintiff's motions in each case to bifurcate the liability and damages portions of trial. As both motions are identical, the Court will address them together.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides that "the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue." The decision to bifurcate is committed to the sound discretion of the trial court. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985). Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The party requesting bifurcation has the burden to prove that it is warranted in that particular case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992).

**DISCUSSION**

Plaintiff seeks bifurcation of the liability and damages phases of trial on the grounds bifurcation will further the convenience of the parties and the expeditiousness and economy of this action. Plaintiff asserts that the issues of liability and damages are clearly separable and that bifurcation will not result in prejudice to USPS. Plaintiff points out that in the EEOC proceedings stemming from her initial seven claims, the ALJ bifurcated the proceedings.

USPS opposes bifurcation on the ground it will result in needless expense, confusion, and prejudice. USPS asserts that the expert testimony, reports, medical records, and other evidence relevant to damages will also bear on the question of USPS's liability. In particular, USPS points to the medical records plaintiff has submitted in support of her claim that USPS's allegedly discriminatory and retaliatory acts have caused her to suffer psychological damage; USPS states that much of this evidence will also be relevant to liability.

One of the doctor's reports plaintiff has submitted states that plaintiff may suffer from depression and anxiety disorder. This report also states the following:

> Similar individuals are often seen as very resentful and suspicious of others. It is likely that [plaintiff] frequently feels mistreated and misunderstood. Individuals who obtained similar results tend to chronically misinterpret the words and actions of others. This tendency often leads to interpersonal difficulties. . . . A thorough evaluation to rule out a thought disorder is indicated.

*See* Hepps Report, ex. 3 to Simmons Decl., at 6. The Court agrees with USPS that such evidence is relevant not only to the issue of the damages plaintiff has suffered, but also to USPS's liability on plaintiff's claims of discrimination and retaliation. For example, evidence that plaintiff has a thought disorder that leads her to believe she is being mistreated may be admissible and relevant to the jury's consideration of whether plaintiff can state a prima facie case of discrimination or retaliation, or can show that any non-discriminatory or non-retaliatory reason offered by USPS is a pretext. Based on the evidence before the Court at this time, it is the Court's view that bifurcation of the liability and damages phases of trial will not increase the convenience of the parties, the economy of these proceedings, or the likelihood of a fair result. Accordingly, plaintiff's motions for bifurcation are DENIED. However, the denial is without prejudice to renewal as trial draws nearer and the issues and evidence to be presented are clarified and/or narrowed.

**CONCLUSION**

For the foregoing reasons, plaintiff's motions for bifurcation are DENIED. (Docket No. 113, Case No. 07-6300; Docket No. 136, Case No. 08-3432).

**IT IS SO ORDERED.**

Dated: March 12, 2010

SUSAN ILLSTON
United States District Judge